IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INGENUITY 13 LLC, | No. C 12-4981 RS |
| Plaintiff, | |
| v. | **ORDER GRANTING LEAVE TO TAKE LIMITED EX PARTE DISCOVERY AND CONTINUING CASE MANAGEMENT CONFERENCE** |
| JOHN DOE, | |
| Defendant. | |

Plaintiff Ingenuity 13 LLC brings this action for copyright infringement, alleging that a copy of its motion picture "Teen Sex: First Anal" was illegally downloaded by an unknown person via a BitTorrent file transfer to a specified IP address. The complaint uses the fictional name "John Doe" to identify the person who used that IP address to carry out the download.

Ingenuity now seeks leave to serve a subpoena on Comcast Cable Communications LLC, the Internet Service Provider ("ISP") identified as providing the service associated with the specified IP address. Ingenuity also proposes that it be given blanket permission to serve such additional subpoenas as it may deem appropriate on "any other entity identified as a provider of Internet services to John Doe in response to a subpoena or as a result of ongoing BitTorrent activity monitoring." Ingenuity requests that the subpoena, or subpoenas, direct production of "information

sufficient to identify John Doe associated with the IP address listed in the Complaint, including name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address." Ingenuity's motion, however, does not explain the term "Media Access Control address" or establish why obtaining it would be necessary. Nor has Ingenuity shown that the broad language "information sufficient to identify . . . . including . . . ." is appropriate, as opposed to simply listing the specific information to be produced.

Ingenuity's motion, and to some extent its complaint, also conflates the identity of "John Doe" with the person to whom the specific ISP address was assigned at the time of the alleged downloading. While the two very well could be one and the same individual, there are numerous circumstances under which the individual who engaged in the allegedly infringing activity ("John Doe") may *not* be the person whose identity would be uncovered through production of information responsive to the subpoena (hereinafter, "the Account Holder"). For example, the Account Holder could easily be one member of a household, who was entirely unaware that another member of the household—"John Doe"—was downloading BitTorrent files. If the Account Holder utilized an unsecured wireless network, John Doe could even be a complete stranger.

This potential disconnect between the identity of the Account Holder and the identity of John Doe to some degree undercuts many of the arguments Ingenuity makes as to why discovery into the identity of John Doe through a subpoena directed to the ISP of the Account Holder does not unduly infringe on privacy or other rights. Nevertheless, even though the Account Holder and John Doe could be separate persons, discovery into the Account Holder's identity is reasonably calculated to lead to the discovery of admissible evidence, and under all the circumstances, will be allowed.

Accordingly, Ingenuity's motion is granted to the extent ordered below. In any communications Ingenuity may subsequently have with the person identified as the Account Holder, it shall clearly state that contact is being made in light of its belief that an allegedly infringing download was undertaken through that ISP address, and shall not misleadingly suggest the Account Holder is automatically legally responsible for any such downloading activity.

## CONCLUSION

1. Plaintiff may immediately serve a Rule 45 subpoena to Comcast Cable Communications LLC to identify the person associated with the Internet Protocol ("IP") address listed in the Complaint ("the Account Holder"), limited to that person's name, current (and permanent) address, telephone number, and e-mail address.

2. Any information disclosed to the Plaintiff in response to said subpoena may be used by the Plaintiff only in connection with this litigation.

3. Plaintiff and Comcast Cable Communications LLC shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by Comcast, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for Comcast's internal costs to notify its customers.

4. In the event Comcast elects to charge for the costs of production, it shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed.

5. Plaintiff shall serve a copy of this order along with the subpoenas.

6. Any person wishing to move to quash the subpoena must do so before the return date of the subpoena, which shall be 30 days from the date of service.

7. Comcast shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

The initial Case Management Conference is continued to May 2, 2013 at 10:00 a.m.

IT IS SO ORDERED.

Dated: December 21, 2012

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE